# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* M.M. and E.M.

No. 20-0504 (Clay County 19-JA-24 and 19-JA-25)

## MEMORANDUM DECISION

Petitioner Father R.M., by counsel Andrew Chattin, appeals the Circuit Court of Clay County's May 19, 2020, order terminating his parental rights to M.M. and E.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Steven R. Compton, filed a response in support of the circuit court's order. The guardian ad litem, Julia R. Callaghan, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights prior to the expiration of his post-adjudicatory improvement period upon a finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future and in denying him post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2019, the DHHR filed a petition alleging that the parents abused and neglected the children because of their failure to provide the children with a fit and suitable home. According to the petition, the parents' home lacked electricity, running water, a kitchen sink, a working shower and/or bathtub, a working stove and oven, and a working toilet. In fact, the toilet the home did have was filled with feces. The DHHR further alleged that fire hazards were present in the home, given that it was heated, in part, with a gas wall heater that was in close proximity to large amounts of trash, clothing, and debris. There were also no working

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

smoke detectors in the home. The DHHR made further allegations about the home's condition, including broken windows covered by uninsulated paneling and debris and trash accumulated in the yard.

At a subsequent preliminary hearing, the court ordered the parents to pay child support, remain free of drugs and alcohol, submit to drug and alcohol screens, undergo psychological and substance abuse evaluations, and follow all recommendations resulting from the evaluations. Petitioner later stipulated to the allegations against him at an adjudicatory hearing in January of 2020. The court granted petitioner a post-adjudicatory improvement period that required him to (1) participate in parenting and adult life skills education, (2) remain free of drugs and alcohol, (3) submit to drug and alcohol screens, (4) participate in outpatient substance abuse treatment and successfully complete the same, (5) submit monthly reports and a treatment plan from his Suboxone clinic, (6) obtain verifiable employment, (7) obtain a fit home, (8) undergo a psychological evaluation and follow the recommendations thereof, and (9) participate in weekly therapy. A few months after the improvement period commenced, the DHHR filed a motion to terminate the improvement period because of petitioner's noncompliance.

In May of 2020, the court held a dispositional hearing and heard evidence in support of the DHHR's outstanding motion. According to a Child Protective Services ("CPS") worker, as recently as the month prior to the dispositional hearing, petitioner lived in a small camper with no running water, no electricity, and no functional toilet. According to the worker, this remained an unsuitable home for the children. However, the worker did acknowledge that less than a month before the dispositional hearing, the parents moved to a new home that "appear[ed] to be safe, apt and suitable." The CPS worker further testified that petitioner never submitted reports from a Suboxone program and, in fact, had not provided confirmation that he was even enrolled in such a program in West Virginia. The DHHR also presented evidence that petitioner failed to pay child support; never provided verification of his employment, despite requests for such verification from the DHHR; and failed to participate in therapy as recommended by his psychological evaluation. Based on this evidence, the court found that petitioner failed to comply with the terms and conditions of his improvement period and that, based on his inaction, there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future. Upon finding that it was in the children's best interests, the court revoked petitioner's improvement period and terminated his parental rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[2]The mother's parental rights were also terminated below. The permanency plan for the children is adoption in their current foster home.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

First, petitioner alleges that the circuit court erred in terminating his parental rights prior to the expiration of his improvement period and upon finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. According to petitioner, it is undisputed that he participated in a drug treatment program as directed; however, petitioner's claim is not supported by the record. While it may be true that petitioner testified to his participation in a program, the court was clear that petitioner was required to provide periodic written reports of his treatment and other corroborating evidence that he was participating in such treatment. Despite this requirement, petitioner never provided such documentation. As the circuit court found, petitioner "failed to submit monthly written reports from [his] drug treatment program" and never provided documentation that he participated in such a program in West Virginia. Petitioner further argues that he participated in parenting and anger management classes, but again the record shows that petitioner's participation in services was sporadic. Similarly, petitioner cites to his self-serving testimony about having obtained employment, but he ignores the circuit court's finding that he "failed to provide verification of employment" as required. Also, petitioner asserts that he obtained suitable housing, but ignores that this did not occur until after the DHHR filed its motion to revoke his improvement period, at which point the court found that petitioner's limited efforts were "to[o] little to[o] late." Further, petitioner does not address the circuit court's other extensive findings about his noncompliance, including his failure to pay child support or follow the recommendations from his psychological evaluation. In short, petitioner challenges the circuit court's findings by citing almost exclusively to his own self-serving testimony and ignoring important requirements of his improvement period that he failed to meet. As such, petitioner's arguments do not entitle him to relief.

According to West Virginia Code § 49-4-610(7),

[u]pon the motion by any party, the court *shall* terminate any improvement period granted pursuant to this section when the court finds that respondent has failed to *fully* participate in the terms of the improvement period or has satisfied the terms of the improvement period to correct any behavior alleged in the petition or amended petition to make his or her child unsafe.

(Emphasis added). It is uncontroverted that petitioner did not *fully* comply with his improvement period, a fact that petitioner implicitly acknowledges by asserting on appeal that he *substantially* complied with these requirements. As set forth above, even petitioner's assertion that he

substantially complied is unsupported by the record. As such, it is clear that the circuit court did not err in revoking petitioner's improvement period. Further, the same evidence of petitioner's noncompliance supports the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected. W. Va. Code § 49-4-604(d)(3) (A circumstance in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts."). Further, the circuit court had ample evidence to support its finding that termination of petitioner's parental rights was necessary for the children's welfare.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon these findings. Further, contrary to petitioner's argument that he should have been permitted to continue in his improvement period, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find that petitioner is entitled to no relief.

Finally, we find no error in the circuit court's denial of post-termination visitation between petitioner and the children. As this Court has recognized,

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). On appeal, petitioner again cites to his own testimony to assert that he had a strong bond with the children, while acknowledging that the DHHR did not express the same position. What petitioner fails to recognize, however, is that there is nothing in the record to indicate that continued visitation with him would be in the children's best interests. As such, we find no error in the denial of petitioner's request for post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 19, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison